### No. 4908.

JOSIAH FISK *v.* POLICE JURY, PARISH OF JEFFERSON, Left Bank.

This case is not one in which the district attorney, acting as parish attorney, can claim under section 2761 R. S., "a fee of five per cent. on the amount, for defending" the said suit, as no amount was claimed or actually involved therein.

It is manifest that the above mentioned section contemplates some services to be rendered for which the salary—the minimum of which is fixed—should be a compensation, and it provides only for commissions when there is a suit by or against the parish for an *amount* on which the commissions can be assessed.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee*, J. *Josiah Fisk, in propria persona,* and *John Ray,* for

plaintiff and appellant. *William Mithoff, Jr.*, for defendant and appellee.

HOWELL, J. The plaintiff claims his salary for a year and a half and also four per cent. commissions for his services as district attorney, *pro tempore*, in the case of "The State ex rel. A. Bonnabel *v.* the Police Jury, parish of Jefferson, left bank," by mandamus to compel the police jury to cause the construction of a shell road, which the relator therein alleged he had, as a citizen, an interest in having constructed. The plaintiff bases his right to the five per cent. commissions on the following clause of section 2761 R. S. The district attorneys shall represent the parish for which they are appointed "in any case in which such parish may be interested, and perform such duties as attorneys for the benefit of such parish as may be required by the police jury; they shall be paid by such parish a salary of not less than one hundred dollars ($100) per annum, and as much more as the police jury may fix, out of the treasury of such parish, quarterly, on their own warrant, and the further sum of five per cent. commission on any amount they may recover in any suit in favor of such parish, and a fee of five per cent. on the amount for defending any suit in which said parish is defendant, to be paid by the parish."

The question is, whether or not the plaintiff is entitled to commis sions, under the above law, for defending the parish in the above mandamus suit.

There was no amount claimed by the relator in said proceeding, nor could the parish be condemned therein to pay any amount. The only matter in controversy was, whether it was the duty of the police jury under the provisions of the law authorizing the construction of the shell road, to begin the proceedings and take the steps necessary for the construction thereof, and that question was presented by a citizen alleging that he had an interest in having the road made. It was decided in the district court, and the decision affirmed on appeal, that under the law invoked the police jury had a discretion and could not be compelled by mandamus to have the road constructed.

We think the case is not one in which the parish attorney can claim "a fee of five per cent. on the amount for defending" the said suit, no amount being claimed or actually involved therein.

It is manifest that the above law contemplates some services to be rendered for which the salary, the minimum amount of which is fixed, should be a compensation, and it prescribes only for commissions when there is a suit by or against the parish for an amount on which the commissions can be assessed. In all other suits and for all other professional services the annual salary is to be the compensation. If the salary fixed in this instance is too small, we can not remedy it by a

construction of the law, of which we do not think it susceptible. The construction contended for by plaintiff would enable him to claim a commission of five per cent. in every suit in which the parish is a party, and every professional advice given the police jury, upon showing that an ultimate money liability might be the result of such suit or the matter in which the advice is given.

We think the judgment of the court *a qua* for the salary due plaintiff is correct.

Judgment affirmed.

Rehearing refused.